**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, | Civil No. 06-356ML |
| Plaintiffs, | Magistrate Judge David L. Martin |
| v. | |
| KRISTINA LAVOIE, | |
| Defendant. | |

**PLAINTIFFS' PROPOSED DISCOVERY PLAN**

Plaintiffs, Warner Bros. Records, Inc., *et al.*, pursuant to this Court's Order of November 28, 2006, respectfullysubmit the following proposed discovery plan. Plaintiffs have attempted via telephone and letter to reach Ms. Lavoie to confer regarding this case but, to date, have yet to receive a response. As a result, Plaintiffs submit this plan without Ms. Lavoie's consent.

## I. Jurisdiction.

### A. Subject Matter Jurisdiction.

This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

### B. Personal Jurisdiction.

This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District. Plaintiffs served defendant on November 8, 2006. Defendant answered on November 20, 2006.

## II. Brief Description of the Case.

### A. Claims of the Plaintiffs.

Infringement of Copyrights. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under the United States Copyright Act with respect to certain copyrighted sound recordings ("Copyrighted Recordings"). Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Recordings to the public.

Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the pubic, and/or make the Copyright Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

Plaintiffs are informed and believe that Defendant's acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Plaintiffs. As a result of Defendant's infringement of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights.

**B. Defenses and Claims.**

Defendant's answer is a blanket denial. As mentioned above, Plaintiffs have been unable to reach Ms. Lavoie to discuss this case.

**III. Plaintiffs' Proposed Discovery Plan.**

A. Plaintiffs anticipate that discovery will be needed on the following subjects:

1. Defendant's computer. Plaintiffs anticipate taking discovery of defendant's computer hard-drive for evidence of file-sharing software, file-sharing and illegal copies of Plaintiffs' copyrighted sound recordings.

2. Defendant. Plaintiffs anticipate taking discovery of defendant regarding her use of a her computer and internet account for file-sharing.

3. Defendant's household. Plaintiffs may ask that other members of Defendant's household to testify regarding file-sharing in the home.

4. Defendant's Internet Service Provider ("ISP"), Cox Communications. Plaintiffs may take discovery from Cox Communications regarding defendant's internet protocol address.

5. Plaintiff's Expert. Plaintiffs anticipate using an expert to testify regarding Defendant's use of the KaZaA file-sharing software, how peer-to-peer networks operate, the methods Plaintiffs used to learn of Ms. Lavoie's activities and the nature of the evidence against her.

B. Proposed Case Deadlines.

1. Deadline for Joinder of Parties and Amendment of Pleadings: **March 1, 2007**.

2. All written discovery will be served no later than **April 27, 2007**.

3. Discovery Cut-Off: **June 1, 2007**.

4. Plaintiffs' Expert Disclosures/Report: **March 15, 2007.**

5. Defendant's Expert Disclosures/Report: **April 15, 2007**.

6. Plaintiffs' Rebuttal Report Deadline: **May 10, 2007**.

7. Expert Discovery Cut-Off: **June 1, 2007**.

8. Dispositive Motions Deadline: **July 15, 2007**.

9. Joint Trial Memorandum: **October 1, 2007**.

## IV. Trial Readiness

Plaintiffs anticipate that this case will be ready for trial by **November 1, 2007.**

Plaintiffs anticipate that trial (including jury selection) will take **3 days**.

## V. Consideration of ADR

Plaintiffs believe that this case may be appropriate for **mediation**. That being said, Plaintiffs submit that mediation would be most appropriate at the conclusion of fact discovery, when both sides can fully evaluate the strength and weaknesses of their respective cases.

Respectfully Submitted,

Dated: December 8, 2006

By: /s/ James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for WARNER BROS. RECORDS INC.; CAPITOL RECORDS, INC.; and SONY BMG MUSIC ENTERTAINMENT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this __8th_ day of December, 2006, a copy of the foregoing PLAINTIFFS' PROPOSED DISCOVERY PLAN was served upon the Defendant via United States Mail at the following address:

Kristina Lavoie
90 Blackamore Ave., Apt. 2
Cranston, Ri 02910
*Defendant*

/s/James E. O'Neil, Esq.
James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852